IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORRIS COE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-4231-M-BN |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pre-trial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Barbara M.G. Lynn. Defendants Federal National

Mortgage Association ("Fannie Mae") and Mortgage Electronic Registration Systems

("MERS"; collectively, "Defendants") have filed a Motion for Judgment on the Pleadings

pursuant to Federal Rule of Civil Procedure 12(c). *See* Dkt. No. 12 (the "Motion").

Plaintiff Morris Coe filed a response requesting leave to amend in lieu of dismissal, *see*

Dkt. No. 16, and Defendants replied in support of the Motion and in opposition to

Plaintiffs request for leave to amend, *see* Dkt. No. 18.

For the reasons explained below, Defendants' Motion should be granted, and

Plaintiff's claims dismissed with prejudice.

**Background**

Plaintiff entered into a mortgage note (the "Note") for $104,000.00 payable to

IndyMac Bank, FSB. *See* Dkt. No. 1-3 at 3. The Note was secured, through a Deed of Trust (the "Deed of Trust"), by real property located in Desoto, Dallas County, Texas (the "Property"). *See id*. at 2-3. MERS was the beneficiary under the Deed of Trust and had authority to act for IndyMac and its assigns. *See id*. at 3. On June 11, 2013, MERS' assistant secretary, Wendy Trexler, assigned the Deed of Trust to One West Bank FSB ("One West"). *Id*. The assignment was recorded with the Dallas County Clerk shortly thereafter. *See id*. One West foreclosed on the Property and subsequently conveyed it to Fannie Mae. *See id*. Fannie Mae is currently trying to evict Plaintiff from the Property. *See id*. at 4.

Plaintiff alleges that Trexler did not have authority to assign the Deed of Trust to One West because she was not appointed by MERS' board of directors. *See id*. at 3, 5, and 6. Plaintiff contends that Trexler's alleged lack of authority voided MERS' assignment to One West as well as One West's subsequent conveyance to Fannie Mae. *See id*. at 4.

Initially proceeding *pro se*, Plaintiff filed his Original Petition (the "Petition"), on October 29, 2014, asserting fraudulent document, fraudulent lien, and quiet title claims against Defendants. *See* Dkt. No. 1-3.

Defendants removed this matter on the basis of diversity jurisdiction. *See* Dkt. No. 1. In the Initial Scheduling Order, the Court set a February 16, 2015 deadline for the parties to move to amend pleadings. *See* Dkt. No. 11. Defendants then filed this Motion arguing that Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. No. 12.

On August 7, 2015, Plaintiff, now represented by counsel, filed a response, conceding that his claims are "unwinnable" and seeking leave to amend. Dkt. No. 16 at ¶¶ 1-2.

The undersigned concludes that Defendants' Motion should be granted and Plaintiff's claims dismissed with prejudice.

## Legal Standards

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). To avoid dismissal, a plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 at 678. The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by

factual allegations.").

## Analysis

<u>Plaintiff Has no Standing to Assert Claims</u>

Plaintiff lacks standing to assert his claims because they are based on the allegation that Trexler did not have authority to assign the Deed of Trust to One West on MERS' behalf. Dkt. No. 1-3 at 5 and 6. Plaintiff does not have standing to challenge the assignment between MERS and One West because he is not a party to the assignment.

Generally, a "plaintiff ... must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Texas case law includes an exception to this rule for mortgagors who challenge an assignment on grounds that would render it *void ab initio. See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). But there is no exception for challenges that would render an assignment voidable at the election of one of the parties. *See id.*

Although Plaintiff argues that the assignment is void because Trexler did not have authority to execute it, an argument "based on the signer's lack of authority only renders the assignment voidable, and therefore does not convey standing to challenge the assignment." *Johnson-Williams v. CitiMortgage, Inc.*, 3:14-cv-3927-M-BH, 2015 WL 4997811, at *7 (N.D. Tex. Aug. 19, 2015) (citing *Reinagel*, 735 F.3d at 226 ("lack of authority, even accepted as true, does not furnish [a plaintiff] with a basis to challenge [an] assignment."); *see also Van Duzer v. U.S. Bank Nat. Assoc.*, No. H-13-1398, 2014

WL 357878, at *8 (S.D. Tex. Jan. 31, 2014) (finding plaintiffs' challenge of the assignment based on the signer's lack of authority would render the assignment voidable and did not furnish plaintiffs with a basis to challenge the assignment); *Howard v. J.P. Morgan Chase NA*, No. SA-12-cv-00400-DAE, 2013 WL 1694659, at *8 (W.D. Tex. Apr. 18, 2013) (finding plaintiff's allegations that the signer lacked authority to sign on behalf of MERS would render the assignment voidable and therefore plaintiff lacked standing to challenge the assignment).

Accordingly, Plaintiff's allegation that Trexler did not have authority to execute the assignment between MERS and One West does not render the assignment void or give him standing to challenge it. Because Plaintiff lacks standing to challenge the assignment, his claims, which are all based on the allegedly void assignment, fail as a matter of law and should be dismissed with prejudice.

Plaintiff Fails to State a Claim Based on Fraudulent Document Allegation

Plaintiff alleges that MERS filed a fraudulent document, within the meaning of Texas Government Code § 51.901(c), when it recorded the assignment between MERS and One West. *See* Dkt. No. 1-3 at 6.

The Texas Government Code provides, in relevant part, that, if a state court clerk "has a reasonable basis to believe in good faith that a document or instrument previously filed or recorded or offered or submitted for filing or for filing and recording is fraudulent," the clerk shall provide notice of the filing to the person named in the document as the obligor and to any person named as owning any interest in the real property described in the document. *See* TEX. GOV'T CODE § 51.901(a). This statute does

not create any cause of action. Even if it did, Plaintiff lacks standing to assert any claim based on a voidable assignment to which he is not a party. *See Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 811 (W.D. Tex. 2012) (rejecting plaintiffs' argument that defendant caused the filing of a fraudulent document within the meaning of Texas Government Code § 51.901 because plaintiffs, as non-parties to the assignment, lacked standing to challenge the assignment).

Thus, Plaintiff cannot maintain a claim for relief under Texas Government Code § 51.901, and this claim should be dismissed with prejudice.

<u>Plaintiff Fails to Allege Factual Support for Fraudulent Lien Claim</u>

Plaintiff also failed to plead facts sufficient to support his fraudulent lien claim. To state a claim under Texas Civil Practices and Remedies Code § 12.002, a plaintiff must plead facts showing that the defendant

> (1) made, presented, or used a document with knowledge that it was a "fraudulent lien or claim against real or personal property or an interest in real or personal property," (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 556 (5th Cir. 2015). Plaintiff claims that MERS recorded its assignment to One West "with knowledge that it is a fraudulent lien against real property, with intent that it be considered a valid lien, with intent that financial injury would result." Dkt. No. 1-3 at 6. Plaintiff does not plead that Defendant Fannie Mae committed any of the conduct that is a required element of a Section 12.002 claim listed above. Plaintiff also does not allege facts showing that MERS intended to cause him financial injury.

Defendants also cite *Perdomo v. Federal National Mortgage Association*, No. 3:11-cv-734-M, 2013 WL 1123629, at *5 (N.D. Tex. Mar. 18, 2013) for the proposition that assignments are not liens and, therefore, cannot serve as a basis for a Section 12.002 violation. *See* Dkt. No. 12 at ¶¶ 20-22. Plaintiff "acknowledges that Defendants present strong arguments to dismiss [his] claims" and does not attempt to rebut Defendants' arguments explaining that any such rebuttal is "likely unwinnable." Dkt. No. 16 at ¶¶ 1-2.

While Plaintiff seeks leave to amend his Petition, he only seeks to cure his quiet title action – not the fraudulent lien claim. *See id.* at ¶ 5. Therefore, Plaintiff's fraudulent lien claim should be dismissed with prejudice because he lacks standing to challenge the assignment, failed to allege facts that sufficiently support his claim, concedes that his pleading is deficient, and has effectively abandoned the claim.

Plaintiff Has Not Asserted a Viable Quiet Title Action or Request for Leave to Amend

Plaintiff does not have a sufficient basis for his quiet title action. Plaintiff contends that Fannie Mae's interest in the Property should be quieted because it is derived from the allegedly invalid assignment between MERS and One West. *See* Dkt. No. 1-3 at 4-5. "[A]rguments that merely question the validity of an assignment of a deed of trust from MERS to another mortgage servicer are not a sufficient basis for a quiet title action under Texas law." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014). Even if Plaintiff had standing to challenge the validity of the assignment between MERS and One West, he could not base his quiet title action on that challenge.

Plaintiff also has not pleaded adequate facts to support this claim. Texas courts have made clear that "a necessary prerequisite to [a quiet title action]. is tender of whatever amount is owed on the note." *Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012). Plaintiff has not pleaded that he tendered the balance of what is owed on the Note or even made regular payments toward that end. Plaintiff's "failure to establish his own superior right to the [P]roperty, such as by pleading that he was current on his mortgage payments, also renders his quiet title claim defective." *Warren*, 566 F. App'x at 383.

Plaintiff responds that his recently obtained counsel "may be able to amend ... [this] potentially curable deficienc[y]" by pleading that he has superior title to the Property and asserting facts to support such an allegation. Dkt. No. 16 at ¶¶ 4-5. The Court generally permits a plaintiff to replead when it grants a Rule 12 motion, particularly in a removed case where a petition drafted under state pleading rules is determined to be deficient, but the Court should decline to do so here. *See generally Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

Plaintiff did not attach a proposed amended complaint, pursuant to Northern

District of Texas Civil Local Rule 15.1(b), or propose any specific amendments. Most tellingly, Plaintiff does not assert that he can establish superior title by pleading that he is current on his Note. *See Webb v. Midland Mortgage*, No. 3:12-cv-5138-M-BF, 2013 WL 4734001, at *3 (N.D. Tex. Sept. 3, 2013). Plaintiff's quiet title action should fail, and his proposed amendment would not cure it. It is clear here that no amount of artful or creative pleading of facts will permit him to state claims on which relief can be granted. Further attempts to amend his previously pleaded claims would therefore be futile and unnecessarily delay the resolution of this action, which has been pending for almost a year.

Plaintiff's request for leave to amend should otherwise be denied. Under the Court's scheduling order, the deadline for Plaintiff to amend his Petition expired on February 16, 2015. When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). If the movant satisfies Rule 16(b)(4)'s requirements, the court must then determine whether to grant leave to amend under Fed. R. Civ. P. 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536, but under which leave to amend is not automatic, and the Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment," *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). Plaintiff has made no such showing. While he mentions that he has recently obtained counsel, he does not explain why his previous *pro se* status prevented him from timely amending his Petition. Neither does he discuss any new developments or facts that were not discovered within the four-month period between the time that he filed his Petition and the deadline to amend. *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *cf. Am. Tel. & Tel. Co. v. MCI Planners, Inc.*, 47 F.3d 427, at *2 (5th Cir. 1995) (unpublished table decision).

When deciding whether to allow an untimely amendment, the Court also considers "the importance of the amendment; potential prejudice in allowing the amendment; and the availability of a continuance to cure such prejudice." *Id.* Plaintiff's request does not address any of these considerations. Plaintiff equivocates on his counsel's ability to cure his deficiencies with an amendment. On the other hand, Defendants assert that Plaintiff's proposed amendment would prejudice them because

the discovery and dispositive motion deadlines have lapsed. *See* Dkt. No. 18 at ¶ 9. Plaintiff makes no argument to show that this prejudice could be cured with a continuance. And Defendants contend that a continuance would not cure their prejudice, but only delay the inevitable dismissal of claims that Plaintiff lacks standing to assert. *See id.* at ¶ 12.

Further, even if Plaintiff had made the Rule 16(b)(4) good cause showing, under Rule 15(a)(2), "if a complaint as amended is subject to dismissal, leave to amend need not be given." *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) (internal quotation marks omitted). Because Plaintiff has not shown good cause to amend, lacks standing to challenge the assignment, and has not otherwise asserted a sufficient basis or facts to support any claims or suggested a basis that he could assert that would not fail as a matter of law for the reasons that his previously pleaded claims fail, the Court should dismiss Plaintiff's quiet title action with prejudice and deny further leave to amend.

## Recommendation

The Court should grant Defendants' Motion for Judgment on the Pleadings [Dkt. No. 12], dismiss Plaintiff's claims against Defendants Federal National Mortgage Association and Mortgage Electronic Registration Systems with prejudice, and deny further leave to amend.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE